```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION

JOSE FEDERICO CHACON-VELA       :    MOTION TO VACATE
BOP No. 58592-019,              :    28 U.S.C. § 2255
     Movant,                    :
                                :    CIVIL ACTION NO.
     v.                         :    1:12-CV-1813-RWS-ECS
                                :
UNITED STATES OF AMERICA,       :    CRIMINAL ACTION NO.
     Respondent.                :    1:07-CR-148-3-RWS-ECS
```

### FINAL REPORT AND RECOMMENDATION

This matter is before the Court on federal inmate Jose Federico Chacon-Vela's motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, the government's response, and Chacon-Vela's additional filings. See [Doc. Nos. 329, 332, 341, 342]. For the following reasons, the undersigned **RECOMMENDS** that Chacon-Vela's § 2255 motion be denied and that a certificate of appealability be **DENIED**.

In June 2007, Chacon-Vela and four other defendants – including his brother, Cesar Chacon-Vela ("Cesar")- were charged in a two-count indictment with (1) conspiracy to distribute and possess with intent to distribute at least five kilos of cocaine and (2) possession with intent to distribute at least five kilos of cocaine. See [Doc. No. 1]. Shortly before trial, Chacon-Vela pled guilty to the conspiracy count. See [Doc. Nos. 114, 127]. In July 2008, the Honorable Beverly B. Martin sentenced Chacon-Vela to a 108-month term of imprisonment. See [Doc. No. 171].

AO 72A
(Rev.8/82)

No direct appeal was filed on Chacon-Vela's behalf. In May 2009, Chacon-Vela filed a § 2255 motion, alleging ineffective assistance of counsel. See [Doc. No. 250]. This case was reassigned to the Honorable Richard W. Story after Judge Martin was appointed to the United States Court of Appeals for the Eleventh Circuit, and in April 2011, Judge Story granted Chacon-Vela's § 2255 motion in part, vacating and reimposing the sentence so that Chacon-Vela could file an out-of-time direct appeal. See [Doc. No. 303]. Chacon-Vela appealed. See [Doc. No 305]. In November 2011, however, the Eleventh Circuit dismissed Chacon-Vela's appeal in light of the limited waiver of appeal in his plea agreement. See [Doc. No 319]; see also [Doc. No. 127-1 at 4].

Chacon-Vela has now filed another § 2255 motion. See [Doc. No. 329]. The government has not responded on the merits. Rather, the government asserts that Chacon-Vela's § 2255 motion is a "second or successive motion" over which this Court has no jurisdiction because Chacon-Vela did not seek permission to file it from the Eleventh Circuit. See [Doc. No. 341 at passim]; 28 U.S.C. § 2255(h). The government is mistaken. Because Chacon-Vela's earlier § 2255 motion was granted and a new sentence imposed, his present § 2255 motion is not deemed to be second or successive. See, e.g., Magwood v. Patterson, 130 S. Ct. 2788, passim (2010) (interpreting the phrase "second or successive" in 28 U.S.C.

§ 2244); McIver v. United States, 307 F.3d 1327, 1330 (11th Cir. 2002) (holding "that a successful motion to permit a direct appeal does not render a subsequent collateral challenge 'second or successive'" under § 2255).

Chacon-Vela argues that the government should now be precluded from "fil[ing] a supplemental pleading [as] the issues that were not objected to have been forfeited by the government." [Doc. No. 342 at 7]. Although the government ought to have addressed each of Chacon-Vela's arguments on the merits, the undersigned will not direct it to file any additional pleadings because it is clear from Chacon-Vela's own filings that he is not entitled to relief under § 2255, and because, as Chacon-Vela now states, "[t]he instant motion is ripe for decision." [Id. at 6].

As a preliminary matter, the undersigned observes that Chacon-Vela's § 2255 motion is based on his mistaken premise that he lacked the requisite level of knowledge to be found guilty of having conspired to traffic drugs. Specifically, the endeavors of other co-conspirators or facilitated the venture Chacon-Vela asserts that "[h]ad petitioner [known] that[,] without him knowing that there was cocaine in all the events that [occurred] on April, 2007[,] he was not guilty[,] petitioner would have insisted [on] going to trial." See [Doc. No. 329-1 at 13 (emphasis added)]. But in the Eleventh Circuit, "[i]f 'a defendant's actions facilitated

3

as a whole,' a . . . conspiracy is established [and] '[i]t is irrelevant that particular conspirators may not have known other conspirators or participated in every stage of the conspiracy.'" United States v. Brown, 587 F.3d 1082, 1089 (11th Cir. 2009) (quoting United States v. Chandler, 388 F.3d 796, 811 (11th Cir. 2004), and United States v. Alred, 144 F.3d 1405, 1415 (11th Cir. 1998)). With this standard in mind, I turn now to the specific grounds for relief that Chacon-Vela states in his § 2255 motion.

Chacon-Vela raises two grounds for relief in his § 2255 motion. First, Chacon-Vela asserts that his trial counsel provided ineffective assistance that rendered his guilty plea unknowing and involuntary by (A) failing to investigate his level of knowledge of the charged offense and (B) coercing him into admitting knowledge of the elemental facts during the plea hearing. See [Doc. No. 329 at 4].[1] Second, Chacon-Vela asserts that his appellate counsel provided ineffective assistance by failing to assert on appeal that his guilty plea was unknowing and involuntary on the same basis. See [id.].

---

[1] Although Chacon-Vela breaks his claim into three subparts, the third subpart – that "counsel was ineffective when he advised petitioner to agree to the statement of facts" [see Doc. No. 329 at 4] – is duplicative of the other two subparts.

4

Chacon-Vela acknowledges that the two ineffective assistance of counsel claims with respect to his guilty plea are governed by Strickland v. Washington, 466 U.S. 668 (1984), and Hill v. Lockhart, 474 U.S. 52 (1985). Thus, Chacon-Vela bears the burden of demonstrating "that counsel's performance was deficient, and that the deficiency prejudiced the defense." Wiggins v. Smith, 539 U.S. 510, 521 (2003). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that [it] cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686.

As noted above, Chacon-Vela's ineffective assistance claim against his trial counsel has two parts. First, Chacon-Vela asserts that his guilty plea was unknowing and involuntary because his trial counsel "failed to investigate, interview witness[es] and compel[] the government to disclose discovery pertaining to petitioner's knowledge." [Doc. No. 329 at 4]. In support of his "failure to investigate" claim, Chacon-Vela cites a Fifth Circuit case for the proposition that in order to show prejudice based on failure to investigate, "a petitioner must allege with specificity what the investigation would have revealed and how it would have altered the outcome." [Doc. No. 329-1 at 12 (quoting United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989)]. Chacon-Vela then

5

fails altogether to meet either requirement of <u>Green</u>. Accordingly, he has not borne his burden of establishing ineffective assistance for alleged failures to investigate, interview, and compel discovery, and he is not entitled to relief on this basis.

The second element of Chacon-Vela's ineffective assistance claim against his trial counsel is based on his conclusory assertion that trial counsel "coerced [his] answer during the plea colloquy regarding the 'knowledge' element." [Doc. No. 329 at 4]. But, in quoting from the plea hearing transcript, Chacon-Vela leaves out much of the relevant exchange. While it is true that Chacon-Vela wavered at first when asked whether he admitted to the summary of the crimes proffered by the government, <u>see</u> [Doc. No. 282 at 17-18], in the subsequent exchange, he conceded that he had the requisite level of knowledge and made clear that his trial counsel did not coerce him.

>  [BY MR. CHACON-VELA'S ATTORNEY]
> 
> Q. Right. And if I could, I guess, state his version and then he can either accept it or not. He was basically called to pick up these individuals from the airport. He went to do so. During the tran – during that night at some point he realized they're delivering drugs into the house, and they put it in his car and he knew they put drugs in his car and didn't want anyone driving his car and knew at that point he had participated in assisting them by giving them his car. His knowledge was limited as to where the drugs came from, where it was going, but he did have a level of participation, and he's made it clear to me he understands that's why he's guilty of

>     conspiracy because he participated.  But he thinks his
>     guilt is limited basically to that event in the house
>     and knowing what was going on and allowing them to use
>     his car.
>
>     BY THE COURT
>
>     Q.  Okay.  Mr. Chacon-Vela, you heard what your lawyer
>     told me about what happened that day at the house in
>     Cumming.  Did he basically say it correctly?
>
>     A.  Yes.
>
>     Q.  Okay.  And my job today is to understand the crime
>     you are pleading to.  I can't accept your plea unless
>     it is true that at some point during that time at the
>     house in Cumming you came to understand that there was
>     something unlawful going on and that you took steps
>     that furthered the unlawful plan.  So did you do that?
>
>     A.  Yes.  But until - But without knowing until that
>     time what was going on.
>
>     . . .
>
>     THE COURT: Okay.  Well, that's sufficient for me.

[Doc. No. 329-2 at 18-20].  This colloquy adequately establishes that Chacon-Vela had the requisite level of knowledge to be guilty of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine.  It also established that he was not "coerced" by his trial counsel into admitting the requisite

7

knowledge.² Accordingly, Chacon-Vela is not entitled to relief on this theory of ineffective assistance of counsel, either.

Finally, as far as Chacon-Vela's remaining claim that his appellate counsel was ineffective for failing to raise on direct appeal the argument that Chacon-Vela's guilty plea was unknowing and involuntary, this claim must also be rejected. Because the underlying basis for the claim is meritless, as discussed above, Chacon-Vela's appellate counsel could not be ineffective for failing to raise it, and Chacon-Vela is likewise not entitled to relief on this basis.

---

² Mr. Chacon-Vela filed a supplemental pleading appending a decision of the Honorable Julie E. Carnes in a companion case involving his brother Cesar's § 2255 motion. See [Doc. No. 332]. In Judge Carnes' decision granting partial relief to Cesar, she vacated his guilty plea after finding that Judge Martin arguably violated Federal Rule of Civil Procedure 11(c) by remarking that "there could be a 'pretty significant difference' in the defendant's sentence if he went to trial, as opposed to pleading guilty," and that while she could permit withdrawal of the guilty plea, "in her experience, it was very unusual for someone to be acquitted of a drug charge and that, while she had heard of such occurrences, she had not experienced this phenomenon." See [Doc. No. 323 at 16]. As the plea hearing transcript in this case makes clear and as Judge Carnes pointed out in her decision in Cesar Chacon-Vela's case, Judge Martin made no similar "coercive comments" during Jose Chacon-Vela's plea hearing. See [Doc. No. 323 at 33]. Thus, Judge Carnes' decision in Cesar's case provides no support for granting relief in this case, by analogy or otherwise.

The undersigned accordingly **RECOMMENDS** that the § 2255 motion be **DENIED** because neither trial counsel nor appellate counsel provided ineffective assistance in the manner alleged by Chacon-Vela.

In a § 2255 proceeding, this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2255, Rule 11(a). A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted). Because Chacon-Vela has not demonstrated that he is entitled to federal habeas relief or that any ground for relief he has asserted is reasonably debatable, the undersigned further **RECOMMENDS** that a Certificate of Appealability be **DENIED** in this case.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 31st day of December, 2013.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE